SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.
Plaintiff-Appellant Jack Murphy (“Murphy”), acting on behalf of AK Capital LLC (“AK Capital”), brought the present shareholders’ derivative action, contending, inter alia, thát Defendant-Appellee Korea Asset Management Corporation (“KAM-CO”) fraudulently misled AK Capital during negotiations for AK Capital’s purchase of the assets of the bankrupt Korean steel giant Hanbo Iron & Steel Co., Ltd. (“Hanbo”). On October 19, 2005, in a very thorough opinion, the United States District Court for the Southern District of New York (Holwell, J.) dismissed the action, finding that KAMCO was entitled to immunity as an “organ” of the Korean government under the Foreign Sovereign Immunities Act (“FSIA”), 28 U.S.C. § 1603(b)(2). See Murphy v. Korea Asset Mgmt. Corp., 421 F.Supp.2d 627 (S.D.N.Y. 2005).
On appeal, AK Capital argues (1) that KAMCO does not in fact qualify as an organ of the Republic of Korea, because it operates as a typical independent corporation with private shareholders for whom it produces profits; (2) that KAMCO engaged in commercial activity in the United States that excepts it from FSIA immunity under 28 U.S.C. § 1605(a)(2); and (3) that the district court erred by dismissing the complaint without first conducting an evidentiary hearing relating to KAMCO’s claim of FSIA immunity. We assume the parties’ familiarity with the facts, the procedural history, and the specific issues on appeal.
We affirm the decision of the district court, that KAMCO qualifies as an organ of the Republic of Korea for purposes of FSIA immunity and that it was not exempted from that immunity pursuant to 28 U.S.C. § 1605(a)(2) substantially for the reasons given by the district court. AK Capital’s final argument is also unavailing. AK Capital sought a broad evidentiary hearing. The district court permitted a more limited one focused on supplementing written submissions on the question of FSIA jurisdiction. AK Capital declined that hearing as unnecessary. The decision of the district court lay well within its discretion.
We have considered Murphy’s remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.